IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. BK05-80435 |
| | ) | |
| BERNARD EARL TURNBO and | ) | |
| DEANNA DORA TURNBO, | ) | CH. 13 |
| | ) | |
| Debtors. | ) | |

## **ORDER**

Hearing was held in Omaha, Nebraska on December 4, 2006, on the motion for relief from stay by child support creditor Elmira Shaw (Fil. #96) and the resistance by Debtors (Fil. #100). Marion Pruss appeared for creditor Elmira Shaw ("Movant"), and John T. Turco appeared for Debtors.

Movant has a judgment against Debtor Bernard Turnbo for child support, which judgment was entered in the District Court of Douglas County, Nebraska. It also appears that the State of Nebraska has a judgment for child support against Mr. Turnbo in connection with another child of Movant and Mr. Turnbo. There are substantial pre-petition arrearages owed on the child support judgments. Further, no payments have been made on the child support obligations since this bankruptcy proceeding was filed. Movant seeks relief from the automatic stay in order to pursue state court remedies with respect to Mr. Turnbo's failure to pay support, and to modify the decrees with respect to the amount of support ordered to be paid. Movant also seeks to execute her judgment lien for child support against the real estate of Debtors.

In their confirmed amended plan, Debtors acknowledge the child support obligations as priority claims to be paid in full in deferred cash payments during the life of the plan. To fund the plan, Debtors are to make monthly payments to the Trustee and also propose to sell some real estate. The plan does not address the post-petition child support obligations, which presumably are to be paid direct as such amounts become due. Debtors do not dispute that Mr. Turnbo has failed to pay his post-petition child support obligations. However, Debtors assert that they are current in their Chapter 13 plan payments.

The state court is the proper place to address the amount of child support to be paid. Therefore, to the extent Movant desires to modify the state court decrees with respect to the amount of child support to be paid by Mr. Turnbo on a going-forward basis, relief from the automatic stay is granted. Further, the failure to pay post-petition child support payments constitutes sufficient cause to entitle Movant to seek appropriate sanctions for such failure from the state court entering the child support orders. However, there is no evidence that Debtors are in default with respect to making payments under their Chapter 13 plan, and the confirmed plan adequately provides for the payment in full of the pre-petition priority child support obligations. The property of the estate is necessary to help fund the plan. Thus, relief shall be denied with respect to Movant's request for relief for purposes of executing on the judgments against the assets of Debtors.

IT IS ORDERED:

1. The motion for relief from stay by child support creditor Elmira Shaw (Fil. #96) is granted for the limited purpose of allowing Movant to proceed in state court to seek a modification of the state court child support judgments and to pursue appropriate sanctions from the state court for Mr. Turnbo's failure to make his post-petition direct payments of child support; and

2. For all other purposes, relief from the automatic stay is denied.

DATED: December 6, 2006.

BY THE COURT:

/s/ Thomas L. Saladino
United States Bankruptcy Judge

Notice given by the Court to:
*Marion Pruss
John T. Turco
Kathleen Laughlin
U.S. Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.